-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Biogen Idec Inc.<br>14 Cambridge Center<br>Cambridge, MA 02142<br><br>    Plaintiff,<br><br>    v.<br><br>HON. JON W. DUDAS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA 22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA 22314<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Biogen Idec Inc., for its complaint against the Honorable Jon. W. Dudas, states as follows:

## NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,427,403 ("the '403 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '403 patent be changed from 1009 days to at least 1221 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6. Plaintiff Biogen Idec Inc. is a corporation organized under the laws of Delaware, having a principal place of business at 14 Cambridge Center, Cambridge, MA 02142.

7. Defendant Jon W. Dudas is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8. Jeffrey Browning, Christopher Benjamin, and Paula Hochman are the inventors of U.S. patent application number 10/077,406 ("the '406 application") entitled "Methods for Inhibiting Lymphotoxin β Receptor Signalling," which was issued as the '403 patent on September 23, 2008. The '403 patent claims methods of inhibiting lymphotoxin β receptor signalling in patients with autoimmune disorders. The '403 patent is attached as Exhibit A.

9. Plaintiff Biogen Idec Inc. is the assignee of the '403 patent, as evidenced by the assignment documents recorded in the PTO.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '403 patent reflecting that determination.

13. Plaintiff Biogen Idec Inc. filed an Application for Reconsideration of Patent Term Adjustment on March 17, 2009, accompanied by a petition to waive the two month deadline for filing such an application.

14. 35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

15. The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set forth.

16. The patent term adjustment for the '403 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '403 patent, is 1009 days. (*See* Ex. A at 1.) The determination of this 1009 day patent term adjustment is in error because the PTO (1) failed to properly account for the delays that occurred before the date that was three years after the actual filing date of the '406 application, pursuant to 35 U.S.C. § 154(b)(1)(A); and (2) failed to properly calculate the delays caused by the unintentional abandonment of the '406 application. The correct patent term adjustment for the '403 patent is at least 1221 days.

17. The '406 application was filed on February 15, 2002, and issued as the '403 patent on September 23, 2008.

18. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 881 days.

19. Under 35 U.S.C. § 154(b)(1)(B), the number of days between the date that was three years after the actual filing date of the '406 application (*i.e.*, February 15, 2005) and the date that the '403 patent was granted (*i.e.*, September 23, 2008) ("B Delay") is 1316 days.

20. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 767 days.

21. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph (b)(1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '403 patent

(*i.e.*, the period of "A Delay" that occurred between February 15, 2005, and September 23, 2008) is 209 days.

22. The '403 patent is not subject to a disclaimer of term. Thus, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

23. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (881 + 1316 = 2197 days) reduced by the number of days of "A delay" that occurred more than three years after the filing date of the '406 application (209 days) and reduced by the number of days of applicant delay (767 days) for a net adjustment of 1221 days.

24. The Director erred in calculating the amount of delay created by an unintentional abandonment of the '406 application on February 11, 2003. The correct number of days of Applicant delay due to this abandonment is 527 days, not the 67 days calculated by the Patent Office in a Decision mailed August 14, 2008 (attached as Exhibit B).

25. The Director also erred in the determination of patent term adjustment by treating the entire period of PTO examination delay, and not only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '406 application, as the period of overlap between the "A Delay" and the "B Delay." Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 881 days, rather than the correct number of 209 days.

26. In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '403 patent is properly determined to be 1221 days, as set forth above.

-6-

27.     The Director's determination that the '403 patent is entitled to only 1009 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A.  Changing the period of patent term adjustment for the '403 patent term from 1009 days to 1221 days and requiring the Director to extend the term of the '403 patent to reflect the 1221 day patent term adjustment.

B.  Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: *March 19, 2009*   Respectfully submitted,

*/s/ Kenneth J. Meyers*
Kenneth J. Meyers, Bar No. 106443
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff
Biogen Idec Inc.

**Of Counsel:**
Elizabeth E. Mathiesen
FINNEGAN, HENDERSON,
FARABOW GARRETT &
DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02141-1215
(617) 452-1600